UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JERRY MITCHELL, IREAN MITCHELL, individually and as Next Friends of Mq. R., M. R., Jr., and Mk. R., <br><br> Plaintiff, <br><br> v. <br><br> MARCUS TYRONE ROBINSON, SR., *et al.* <br><br> Defendants. | No. 1:11CV130 SNLJ |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Unilever United States, Inc. ("Unilever"), and Metropolitan Life Insurance Company's ("Met Life") motion to dismiss Counts II, III, and IV of plaintiffs' second amended complaint. Plaintiffs Jerry Mitchell and Irean Mitchell are the grandparents and Next Friends of minor plaintiffs Mq. R., M. R., Jr., and Mk. R., who allege a claim of wrongful death against defendant Marcus T. Robinson, Sr., for killing Shekiah Mitchell Robinson, allege state law claims against defendants Unilever and Met Life for negligent payment of life insurance benefits and breach of contract, and allege a claim for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Plaintiffs allege that the decedent was employed by Unilever and/or by certain other unknown persons or firms designated here as "John Doe." Plaintiffs further allege that decedent was eligible for $121,000 in life insurance benefits through a policy or policies issued by defendant Met Life and/or John Doe, and that the policy or policies were administered by defendants Unilever, Met Life, and/or John Doe.

## I. Background

In their complaint, plaintiffs claim that defendants Unilever and Met Life (hereafter "defendants") failed to properly investigate the circumstances of the decedent's death, which resulted in their wrongfully paying $121,000 in death benefits to defendant Robinson. Plaintiffs allege that defendant Robinson was ineligible for receipt of those death benefits due to his involvement in his wife's death pursuant to Missouri's "slayer law." Defendant Unilever filed its motion to strike plaintiffs' jury demand with respect to Count II, #7, and thereafter, plaintiffs amended their complaint. Unilever then argued that plaintiffs were not entitled to a jury on Counts II and III because those state law claims are pre-empted by ERISA; and on December 22, 2011, the Court granted defendant's motion and struck plaintiffs' jury demands with regard to those claims. Defendants have now moved to dismiss Counts II, III, and IV.

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

-2-

To survive a motion to dismiss, "a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). With these principles in mind, the Court turns to defendants' motion.

## III. Discussion

Plaintiffs characterize their Counts II and III as arising under Missouri's "slayer law" and not under ERISA. Defendants argue that these state common law claims are completely pre-empted by ERISA and that the only remedy available to plaintiffs under ERISA is a claim for plan benefits under 29 U.S.C. § 1132(a)(1)(B). In its prior Order of December 22, 2011, striking plaintiffs' jury demands for Counts II and III, this Court held that under *Aetna Health, Inc. v. Davila* and *Kentucky Association of Health Plans, Inc. v. Miller*, plaintiffs are limited to alleging ERISA claims under 29 U.S.C. § 1132(a)(1)(B) because claims for breach of contract or negligence are duplicative of the remedies available under ERISA.[1] *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004); *Kentucky Association of Health Plans, Inc. v. Miller*, 538 U.S.

---

[1] In its Order, the Court found that plaintiffs had alleged an ERISA claim pursuant to § 1132(a)(1)(B), and thus, their state law claims are duplicative of and pre-empted by ERISA's exclusive remedial system. Although the Court found at that time that plaintiffs had alleged a claim pursuant to ERISA, it now holds that plaintiffs are not entitled to the relief they seek pursuant to their ERISA breach of fiduciary duty claim but will grant them leave to amend their complaint.

-3-

329, 342 (2003). Thus, plaintiffs' state law claims of negligent payment and breach of contract are pre-empted by ERISA and must be dismissed. Accordingly, the Court will grant plaintiffs leave to amend their complaint to allege available claims pursuant to ERISA.

The Court now turns to Count IV of plaintiff's second amended complaint, a claim for breach of fiduciary duty under ERISA. Plaintiffs allege that defendants breached their fiduciary duty, as set forth in 29 U.S.C. § 1104(a)(1), by failing to exercise the care, skill, and diligence that a prudent person would employ in the payment of life insurance benefits. Defendants argue that Count IV must be dismissed because the only cause of action cognizable under ERISA for breach of fiduciary duty is provided in § 1132(a)(2). That section, defendants assert, provides relief only to the benefit plan, not to individual beneficiaries. Since plaintiffs are seeking money damages only on behalf of themselves, and not the plan, their claim for breach of fiduciary duty, as alleged, is not cognizable under ERISA. Plaintiffs concede in their response that § 1132(a)(2) authorizes "a claim that the plan administrator has breached its fiduciary duty to the plan itself." Plfs' Response, #31, p. 7. Plaintiffs further state that claims pursuant to § 1132(a)(1)(B) are not usually described as actions for breach of fiduciary duty, but that Count IV serves to put defendants on notice that plaintiffs are entitled to the life insurance benefits at issue and are seeking to recover them.

ERISA's civil enforcement remedies, which include a cause of action for breach of fiduciary duty pursuant to 29 U.S.C. § 1109, are found in § 1132. 29 U.S.C. §§ 1109, 1132(a); *Jensen v. AT&T Corp.*, 2007 WL 2199714, *2 (E.D. Mo. July 27, 2007), *unpublished*. Section 1009 provides that a fiduciary who

> breaches any of the responsibilities, obligations, or duties imposed upon
> fiduciaries by this subchapter shall be personally liable to make good *to such plan*
> any losses to the plan resulting from each such breach, and to restore *to such plan*

> any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a) (emphasis added). It has been established in this Circuit and District that § 1109(a) does not provide relief for breach of fiduciary duty to individual beneficiaries, only to a plan. *Conley v. Pitney Bowes*, 176 F.3d 1044, 1047 (8th Cir. 1999) ("§ 1109(a) provides relief only to a plan and not to individual beneficiaries"); *Jensen*, 2007 WL 2199714 at *3; *Ciecalone v. Metropolitan Life Ins. Co.*, 2011 WL 1344061, *2 (E.D. Mo. April 8, 2011), *unpublished*; *Jordan v. Aetna Life Ins. Co.*, 2012 WL 274693, *6 (E.D. Mo. Jan. 31, 2012), *unpublished*. This Court has held that an individual plan participant or beneficiary has "no right of action for recovery of extra-contractual compensatory or punitive damages for breach of fiduciary duty under ERISA," and that "recovery for a violation of § 1109 inures to the benefit of the plan as a whole, not the individual beneficiary." *Jensen*, 2007 WL 2199714 at *3 (citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985)).

Plaintiffs rely on the Southern District of Ohio's decision in *In re Cardinal Health, Inc. ERISA Litigation* in support of their claim for breach of fiduciary duty. 424 F.Supp.2d 1002 (S.D. Ohio 2006). In *Cardinal Health*, the plaintiffs, a class of participants in a health corporation's 401(k) benefit plan, sued plan administrators on behalf of themselves and the plan pursuant to §§ 1132(a)(2) and 1132(a)(3). *Id.* at 1010, 1014. The court noted that defendants did not challenge the plaintiffs' right to recover losses on behalf of the benefit plan pursuant to § 1132(a)(2). *Id.* at 1024 n.19. The court explained that § 1132(a)(2) affords a plan participant a "right to sue on behalf of a plan for alleged breach of fiduciary duty where any recovery goes to the plan itself," while § 1132(a)(3) "creates a right of action to sue for 'other appropriate equitable relief' to remedy violations of ERISA.'" *Id.* at 1024. The court further clarified that

-5-

ERISA "distinguishes between [beneficiaries, administrators, and the Secretary of Labor] in the types of relief it makes available to them." *Id.* at 1025. The Secretary of Labor and plan administrator "are entitled to seek the full gamut of legal and equitable relief" under § 1132(a), but "in contrast, ERISA restricts plan beneficiaries to equitable relief with no recourse to money damages." *Id.*; *see also Jordan*, 2012 WL 274693 at *7 ("a plan participant can raise a claim under § 1132(a)(3) in his individual capacity, but relief is limited" to equitable relief); *Jensen*, 2007 WL 2199714 at *3. Thus, plaintiffs' reliance on *Cardinal Health* is misplaced, since they are not seeking legal relief on behalf of the plan or equitable relief on behalf of themselves.

Plaintiffs' cause of action on behalf of themselves as beneficiaries of the plan is not cognizable under ERISA. Count IV of plaintiffs' second amended complaint alleges that defendants "owed a fiduciary duty to plaintiffs, as actual or potential beneficiaries of said life insurance policy(ies)." Plfs' Sec. Amended Compl., #20, ¶ 33. It is clear from the amended complaint that plaintiffs claim relief for breach of fiduciary duty on behalf of themselves, individually, and not on behalf of a plan, for money damages, not injunctive relief. Therefore, Count IV fails to state of claim pursuant to ERISA upon which relief can be granted and must be dismissed. *See Ciecalone*, 2011 WL 1344061 at *2 (claim for breach of fiduciary duty dismissed because plaintiff failed to "allege the loss at issue was to the *Plan*, rather than to Plaintiff herself") (emphasis in original); *Conley*, 176 F.3d at 1047.

## IV. Conclusion

Because plaintiff's state law claims against defendants Unilever and Met Life are pre-empted by ERISA, and because ERISA does not provide a cause of action for monetary damages on behalf of individual beneficiaries for breach of fiduciary duty, as plaintiffs have alleged here, the Court will grant the motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Unilever and Met Life's motion to dismiss, #27, is GRANTED, and Counts II, III, and IV of plaintiffs' second amended complaint are DISMISSED.

**IT IS FURTHER ORDERED** that plaintiffs shall have until March 27, 2012, to amend their complaint, should they choose to allege a further cause of action under 29 U.S.C. § 1132(a).

Dated this 13th day of March, 2012.

                                                          _____
                                                          STEPHEN N. LIMBAUGH, JR.
                                                          UNITED STATES DISTRICT JUDGE